## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*, | Civil No. |
| v. | |
| ONE PARCEL OF PROPERTY LOCATED<br>AT 24 DECICCO ROAD, WATERBURY,<br>CONNECTICUT, WITH ALL<br>APPURTENANCES AND<br>IMPROVEMENTS THEREON,<br>    *Defendant*. | |
| [CLAIMANT:  ZHIQUAN ZHAO] | November 28, 2022 |

## <u>VERIFIED COMPLAINT OF FORFEITURE</u>

Now comes the Plaintiff, the United States of America, by and through its attorneys,

Vanessa Roberts Avery, United States Attorney for the District of Connecticut, and David C.

Nelson, Assistant United States Attorney, and respectfully states that:

1. This is a civil action *in rem* brought pursuant to 21 U.S.C. § 881(a)(7), for the forfeiture

   of real property located at 24 Decicco Road, Waterbury, Connecticut ("Defendant

   Property") which was used or intended to be used in any manner or part to commit or

   facilitate the commission of a violation of the Controlled Substances Act, 21 U.S.C.

   §§ 801 *et seq*.

2. This Court has jurisdiction over this matter by virtue of 28 U.S.C. § 1345 and § 1355.

3. Venue in the District of Connecticut is appropriate pursuant to 28 U.S.C. § 1355 and §

   1395.

4. The Defendant Property is one parcel of property located at 24 Decicco Road, Waterbury,

   Connecticut, with all appurtenances and improvements thereon, a legal description of

   which is attached hereto as Exhibit A.

1

5.  The United States does not request authority from the Court to seize the Defendant Property at this time.  The United States will, as provided by 18 U.S.C. §§ 985(b)(1) and (c)(1):

    a.  post notice of this action and a copy of the Complaint on the Defendant Property;

    b.  serve notice of this action on the record owner of the Defendant Property, and any other person or entity who may claim an interest in the Defendant Property, along with a copy of this Verified Complaint of Forfeiture;

    c.  execute a writ of entry for the purposes of conducting an inspection and inventory of the property; and

    d.  record a *lis pendens* on the Waterbury Land Records of the Defendant Property's status as the Defendant in this in rem action.

6.  The United States will also, as provided by 19 U.S.C. § 1606, appraise the Defendant Property when it executes the Writ of Entry.

7.  The Defendant Property was transferred to Zhiquan Zhao, by Warranty Deed, recorded on December 9, 2021 at Volume 8396, Page 204 of the Waterbury Land Records.

8.  The appraised value of the Defendant Property is approximately $156,000.00.

<u>BACKGROUND OF THE INVESTIGATION</u>

9.  On July 31, 2022, the Torrington, Connecticut Fire Department ("TFD") responded to the sounding of an alarm at 28 Birden Street, Torrington, Connecticut ("28 Birden"). Neighbors of the residence had reported to the TFD that an alarm had been ringing non-stop for several days. The TFD attempted to make contact with anyone who might be inside the residence, but it appeared to them that no one was at the property.

10. Because the alarms continued, the TFD determined that they needed to enter 28 Birden to determine the cause of the alarm.  The TFD entered the residence through an unlocked window of 28 Birden and entering the kitchen area of the property, the TFD saw several one-inch -tall marijuana plants in containers located on the kitchen counter.  In a hallway off the kitchen, the TFD observed a table upon which were marijuana buds that appeared to be in the drying process.  Shortly thereafter, the TFD noticed a bright light emanating from a door at the end of a hallway on the first floor which led directly to an attached garage of 28 Birden.  Members of the TFD saw that the garage was full of what they believed to be potted marijuana plants which were approximately three feet tall and that the garage was equipped with indoor grow lights and numerous power cords.

11. While further investigating the source of the smoke alarm, TFD opened a door to the basement of 28 Birden.  While walking down the stairs to the basement, the TFD saw that the entire basement was equipped with numerous grow lights situated above marijuana plants.  At this point the TFD contacted law enforcement with their findings.

12. On July 31, 2022, based on the facts detailed above, law enforcement applied for and received a State of Connecticut Search and Seizure Warrant for 28 Birden.

13.  Upon execution of the warrant at 28 Birden, law enforcement observed that no resident was present at the location and, after a search of the property, there was no evidence that anyone was living at the residence, because the residence lacked furniture, clothes, food, or any other items that are present in homes where people live on a daily basis.

14. During the search of 28 Birden, law enforcement discovered approximately 927 marijuana plants in various stages of growth within all three floors of the property.  All the rooms of the residence, except the kitchen, a bathroom, and a mud room contained

marijuana plants in various stages of growth, as well as florescent grow lights, humidifiers, carbon air filtration systems, $CO_2$ tanks, timers, and wall mounted oscillating fans.  From the outside of 28 Birden, law enforcement observed that the shades of the residence appeared to be fully drawn.  However, upon inspecting the interior of the residence, law enforcement observed that the windows on the first and second floors appeared to be non-existent as they were covered with drywall.

15. During the search of the property, law enforcement took pictures of the marijuana plants throughout the house.  Examples from those pictures are set forth below.









16. Laboratory and financial analysis by law enforcement experts estimate the marijuana plants, properly harvested, could yield up to $2,700,000.00 in profit for narcotics traffickers.

17. After the search was completed, law enforcement interviewed various neighbors of 28 Birden.  The neighbors told law enforcement that an individual of Asian-American appearance, only known to them as "Sean," would come to the residence one or two times a week.  The neighbors believed that Sean recently purchased the property.  The neighbors also told law enforcement that Sean would rarely, if ever, stay overnight at 28 Birden. The neighbors also told law enforcement that they often observed Sean moving boxes in and out of the residence at all hours.

18. Law enforcement subpoenaed Eversource for the electrical usage at 28 Birden.  The subpoenaed information showed that the last three invoices for the property were:

$4,244.80 on May 3, 2022; $3,558.94 on June 2, 2022; and $3,320.36 on July 1, 2022. According to Eversource records, the May, 2002 invoice for $4,244.80 and the June, 2022 invoice for $3,558.94 were paid in full. Law enforcement knows through training and experience that indoor marijuana cultivation often requires abnormally high electrical consumption due to the use of ultraviolet lights, high intensity grow lights, fans, meters, ballasts, and water pumps.

19. On August 2, 2022, law enforcement conducted a query of Yong Feng Chen's criminal history. This inquiry revealed that he had previous arrests for Possession of Narcotics; Possession of Narcotics with the Intent to Sell; and Possession of Drug Paraphernalia.

20. Law enforcement ran a query of Chen through a database and determined that besides owning 28 Birden Street in Torrington, he was also the owner of a property located at 282 Pearl Lake Road, in Waterbury, Connecticut ("282 Pearl Lake Road"). Chen purchased 282 Pearl Lake Road on September 26, 2019, via Quit Claim Deed from Webster Bank for $92,000.00.

21. During the first week of August 2022, law enforcement conducted surveillance of 282 Pearl Lake Road. Law enforcement observed the property had an overgrown lawn and bushes, some partially covering the windows of the residence. The asphalt shingles appeared to be peeling and in poor condition. The blinds in all the windows were fully drawn down, and the garage windows were all blacked out. At this time, law enforcement saw no signs of occupancy including no individuals coming or going, and no presence of motor vehicles.

22. On August 4, 2022, law enforcement continued surveillance of 282 Pearl Lake Road. During this surveillance, law enforcement observed a U-Haul parked in the driveway.

23. The next day, law enforcement again established surveillance at 282 Pearl Lake Road and observed the same U-Haul parked in the driveway. A short time later, law enforcement observed Chen enter the U-Haul. Chen departed the residence in the U-Haul and law enforcement followed him to a transfer station in Waterbury where Chen emptied the contents of the U-Haul at the town dump.

24. Shortly thereafter, law enforcement contacted a representative of the transfer station to inquire about the contents of the U-Haul which were just discarded there by Chen. The representative told law enforcement that contents dumped from the U-Haul consisted of grow lights, bags of fertilizer, plastic totes, and several black bags tied in knots. Law enforcement continued to follow Chen and ultimately detained him for questioning about the items discarded at the transfer station. Chen was arrested and charged with violations of Connecticut General Statutes: 53a-155 Tampering with Physical Evidence; and 21a-267(a) Possession of Drug Paraphernalia.

25. Later on August 24, 2022, an individual named Yiqiang Zhao ("Y Zhao"), the father of the Claimant and named owner of the Defendant Property Zhiquan Zhao ("Z Zhao") arrived at a Connecticut State Police barracks located in Southbury to initiate Chen's release after posting a $150,000 bond.

26. During the month of September, 2022, law enforcement, while conducting surveillance, observed an encounter between Chen and Y Zhao. Y Zhao was observed backing up a black Nissan Rogue, bearing State of New York license plates, to Chen's Honda Odyssey, also bearing State of New York license plates. Law enforcement observed Y Zhao walk to the back of Chen's vehicle and walk away with a large, bulky box that he loaded into his vehicle.

27. An inquiry with the State of New York Department of Motor Vehicles revealed that both Y Zhao and Chen's vehicles were registered to the same address on Lafayette Street in New York, New York.

28.  A further inquiry with the City of Waterbury land records revealed that Z Zhao owned two residences within the City of Waterbury, 24 Decicco Road (the Defendant Property) and 345 Stillson Road.

29.  In October of 2022, law enforcement established surveillance at both the Defendant Property and 345 Stillson Road.  On October 13, 2022, law enforcement observed the same black Nissan Rogue previously operated by Y Zhao, parked behind 345 Stillson Road.

30.  While conducting surveillance at the Defendant Property, law enforcement observed no signs of activity or any indication of anyone residing at the property.  Law enforcement saw that the blinds were fully drawn on all of the windows and that black curtains were hung behind the fully drawn blinds.  Law enforcement also observed through the glass window of the front door that the front hallway leading into the Defendant Property was sealed off by material that resembled white drywall.  Law enforcement knows through training and experience that these are methods of concealment often used by individuals involved in the indoor cultivation of marijuana.

31. Around this same timeframe, law enforcement interviewed a nearby neighbor of the Defendant Property.  He/she told law enforcement that they believed no one was living inside of the Defendant Property but that he/she observed an older Asian male arrive at the Defendant Property approximately every one to two weeks.  The neighbor observed that the Asian male arrived at the residence in a black Nissan Rogue, stay for a few hours

and then depart the area.  On another occasion, the neighbor also observed the black Nissan Rogue backed up to the front door of the Defendant Property with the trunk of the vehicle open.

32. On October 18, 19 and 20, 2022, law enforcement established surveillance at the Defendant Property and observed the black Nissan Rogue parked behind the Defendant Property.  On all three days, law enforcement observed Y Zhao and an unidentified Asian female, after spending a few hours at the Defendant Property, exit the rear door of the property and enter the Nissan Rogue.  On these same occasions, law enforcement followed the vehicle straight to 345 Stillson Road where the vehicle parked behind the residence and Y Zhao and the female exited the Nissan Rogue and entered 345 Stillson Road through a rear door.

33. On October 24, 2022, law enforcement established surveillance at 345 Stillson Road and observed Y Zhao and his female companion enter the Nissan Rogue and travel to the Defendant Property.  Y Zhao was observed staying at the Defendant Property for a short period of time before travelling back to 345 Stillson Road.

34. Law enforcement subpoenaed Eversource for the electrical usage at the Defendant Property.  The subpoenaed information showed that the last six invoices for the property were:  $2,846.88 on April 20, 2022; $2,787.07 on May 20, 2022; $2,991.73 on June 20, 2022; $2,939.65 on July 20, 2022; $2,224.00 on August 19, 2022; and $1,705.66 on September 22, 2022.  Law enforcement knows through training and experience that indoor marijuana cultivation often requires abnormally high electrical consumption due to the use of ultraviolet lights, high intensity grow lights, fans, meters, ballasts, and water pumps.

35. On October 27, 2022, law enforcement executed a State of Connecticut Search and Seizure Warrant on the Defendant Property.

36.  Law enforcement seized, among other things, samples of the following from the Defendant Property:  465 marijuana plants in various stages of growth; a glass mason jar containing marijuana; a small glass jar containing marijuana, a Kootenay carbon filtration system; an Extrasun grow light ballast; an AutoPilot timer; a TermoPro thermometer; a Hurricane mounted fan; a grow light powered by an 8-light high-power controller; and a gallon jug of Floragro 2-1-6.

37. Law enforcement also observed that the Defendant Property lacked furniture, beds, clothes, food, or other affects that might indicate that individuals resided there and that the entirety of the Defendant Property was being used to cultivate marijuana.

38. During the search of the property, law enforcement took pictures of the marijuana plants throughout the house.  Examples from those pictures are set forth below:







39. Yiqiang Zhao was arrested and charged with violations of Connecticut General Statutes:
21a-278(b)(1)(D) Possession with the Intent to Distribute over One Kilogram of
marijuana; and 21a-277(c) Operation of a Drug Factory.

40. After his arrest and having been read and acknowledging his Miranda rights, Y Zhao
made the following statements to law enforcement:  Y Zhao said he entered the United
States in October of 2015 with his wife and son, Claimant Zhiquan Zhao.  Y Zhao said he

knew Yongfeng Chen and said that Chen lived approximately 30 minutes from
Waterbury but then he changed his story and said that Chen lived in Boston.  Law
enforcement noticed that Y Zhao became very nervous when discussing Chen and
changed his statements about Chen several times.

41. Y Zhao said he knew Yongfeng Chen grew marijuana at 282 Pearl Lake Road,
Waterbury.  Y Zhao also told law enforcement that he knew Chen grew marijuana in
Torrington, Connecticut because he had been to that residence before the police raided it.
Y Zhao said that Chen had been to the residence at 345 Stillson Road on multiple
occasions where Y Zhao had been growing marijuana.

42. Y Zhao told law enforcement that his sister in China wired $100,000.00 to his son Z Zhao
and Z Zhao then gave this money to Y Zhao in order for Y Zhao to buy the Defendant
Property at 24 Decicco Road in Z Zhao's name. Y Zhao represented to law enforcement
that Z Zhao had no knowledge of what the $100,000.00 was for and that Z Zhao had no
idea that a house was purchased in his name.  Y Zhao said that once he was able to access
the Defendant Property and 345 Stillson Road, he applied for permits to have the
electrical service upgraded to handle an increase in electrical usage.  Y Zhao said that he
had his son Z Zhao put his name on the deeds to the Defendant Property and 345 Stillson
Road even though Z Zhao did not sign for the properties, had never seen the properties,
and had no knowledge of the properties whatsoever.  Y Zhao told law enforcement that
both the Defendant Property and 345 Stillson Road were purchased for the sole purpose
of growing marijuana.

43. Y Zhao told law enforcement that he began growing marijuana at the Defendant Property in October of 2021 and said that the marijuana grow that was in effect when the property was searched was the second full grow conducted at the Defendant Property.

44. Y Zhao said that he would sell the marijuana to many different individuals including some contacts that were provided to him by associates in California and Boston and that the marijuana sales between Y Zhao and his customers would be conducted at the Defendant Property or at the parking lot of a BJ's Wholesale in Waterbury.

CONCLUSION

45. The Defendant, one parcel of property located at 24 Decicco Road, Waterbury, Connecticut, is subject to forfeiture under 21 U.S.C. § 881(7), for the forfeiture of real property which was used or intended to be used in any manner or part to commit or facilitate the commission of a violation of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq*.

WHEREFORE, the United States of America respectfully asserts that there is probable cause to believe that the Defendant Property is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(7); and requests,

a. that pursuant to 18 U.S.C. § 985(b)(2), and 18 U.S.C. § 983(j), which permits the Court to "take any action to . . . preserve the availability of the property subject to civil forfeiture," the Court issue the proposed Writ of Entry attached to this Verified Complaint of Forfeiture authorizing the United States Marshals Service, or its delegate, to enter the Defendant Property, including any structures, on one or more occasions during the pendency of this in rem forfeiture action:

16

     i.   for the purpose of conducting an inspection and inventory and appraisal of the Defendant Property, which inspection and inventory and appraisal may include still and video photography;

    ii.   to be accompanied on any such occasion by any appraiser(s) selected by it to appraise the condition and value of the Defendant Property pursuant to 19 U.S.C. § 1606;

   iii.   to be accompanied on any such occasion by any government or contract personnel selected by it for the purpose of conducting an inventory of the Defendant Property; and

   iv.   to be accompanied on any such occasion by any federal, state, or local law enforcement officers selected by it to ensure the safety of any person acting under the Writ of Entry;

b.   that the Court enter a decree for the forfeiture of the Defendant, one parcel of property located at 24 Decicco Road, Waterbury, Connecticut, with all appurtenances and improvements thereon, to the United States under 21 U.S.C. § 881(a)(7) is confirmed, enforced, and ordered;

c.   that the Court award Plaintiff United States all other relief to which it is entitled, including the costs of this action.

VANESSA ROBERTS AVERY,
UNITED STATES ATTORNEY

By:     /S/ David C. Nelson
         David C. Nelson (ct25640)
         Assistant U.S. Attorney
         157 Church Street, 24th Floor
         New Haven, Connecticut 06510
         Tel:     (203) 821-3700
         Fax:     (203) 773-5373
         David.C.Nelson@usdoj.gov

<u>DECLARATION</u>

I am a Special Agent with the Drug Enforcement Administration, United States Department of Justice, and the agent assigned the responsibility for this case.

I have read the contents of the foregoing Verified Complaint of Forfeiture and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 28th day of November, 2022.


*/s/ Christopher Matta*
CHRISTOPHER MATTA
SPECIAL AGENT, DEA

EXHIBIT A

ALL THAT CERTAIN PARCEL OF LAND SITUATED IN THE COUNTY OF NEW HAVEN AND STATE OF CONNECTICUT:

COMMENCING AT A POINT ON THE WESTERLY STREET LINE OF DECICCO ROAD, SAID POINT BEING THE NORTHEAST CORNER OF LAND NOW OR FORMERLY JOAN C. MCAVOY AND THE SOUTHEAST CORNER OF THE HEREIN DESCRIBED PARCEL OF LAND; THENCE RUNNING N 61°-47'-36" W 127.00' ALONG LAND NOW OR FORMERLY SAID MACAVOY TO A POINT; THENCE TURNING AND RUNNING ALONG PARCEL 'A', LAND NOW OR FORMERLY PHILIP KAMPNER THE FOLLOWING COURSES AND DISTANCES: N 28° - 12'- 24" E 63.50; S 62° - 28' – 12" E 127.01' TO A POINT; THENCE TURNING AND RUNNING S 28° - 12' 24" W 65.00' ALONG SAID WESTERLY STREET LINE OF DECICCO ROAD TO THE POINT AND PLACE OF BEGINNING. SAID PARCEL CONTAINS 8,160 SQUARE FEET OR 0.19 ACRES.